```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN AMASTAL, PAMELA BENN, JUAN  :
CAMARILLO, JOSE CHECO, JORGE DIAZ, :
EDISON DELEG, MIGUEL ESPINOZA,  :
CHRISTIAN FLORES, VICTOR FONSECA,  :   10 Civ. 7748 (JMF)
CAMERINO GALICIA, ALBERTO GONZALEZ, :
IVAN GONZALEZ, MARCO GUAMAN, DAVID :   ORDER
JUNCAL, JONATHAN MARTINEZ, FERNANDO :
MORAN, CESAR MUNOZ, CHRISTIAN ONCE, :
NESTOR PALAQUIBAY, WILSON   :
PORTOVIEJO, FABIAN QUIROGA, JAVIER  :
RAMIREZ, FREDDY RICHARDS, RICHARD  :
SHIN, KLEVER VIRI, CORNELIO XOCHIMTL, :
and ABRAHAM ZUMBA,   :
                                                                       :
                             Plaintiffs,   :
                                                                       :
           -v-   :
                                                                       :
PASTA RESOURCES INC., IL POSTO   :
MANAGEMENT LLC d/b/a DEL POSTO  :
RISTORANTE, MARIO BATALI, LIDIA  :
MATTICCHIO BASTIANICH, and JOSEPH  :
BASTIANICH,   :
                                                                       :
                             Defendants.   :
------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

    The Court has been advised that on June 25, 2012, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, reached a settlement in front of Magistrate Judge Ellis. Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages. *See id.* § 216(b). In the event a settlement is for less than this amount, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair. *See, e.g., Wolinsky v. Scholastic Inc.*, 11 Civ.

5917 (JMF), 2012 WL 2700381, at *2-3 (S.D.N.Y. July 5, 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).

In light of Magistrate Judge Ellis's familiarity with the particulars of this case, as well as the fact that a related FLSA case, *Capsolas et al. v. Pasta Resources et al.*, 10-CV-5595, is currently pending before him for all purposes, the Court believes that it may make sense for all further proceedings in this action — including review of the parties' proposed settlement — to be conducted before Magistrate Judge Ellis. *If all parties agree*, it is hereby ORDERED that by **Thursday, July 26, 2012,** the parties must submit a stipulation of their consent to proceed before a Magistrate Judge to be so ordered by the Court. Thereafter, all further proceedings will be conducted before Magistrate Judge Ellis. Any party is free to withhold consent to proceed before a Magistrate Judge without adverse substantive consequences.

*If any party does not consent to proceed before a Magistrate Judge*, then it is hereby ORDERED that by the same date, Thursday, July 26, 2012, the parties must submit their settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See id.* The letter should also address, as applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate). *The letter should not disclose the identity of the party that withheld its consent to proceed before the Magistrate Judge.*

The parties are advised that the Court will not approve any settlement agreement containing a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.*

at *3-4 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases).  In the event that the settlement agreement does contain a confidentiality provision, the parties' joint letter should also indicate whether the parties (1) would adhere to the settlement in the event the Court is prepared to approve all but the confidentiality provision (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding the confidentiality provision) or (2) would abandon the settlement and continue to litigate this action in the event the Court does not approve the confidentiality provision.

SO ORDERED.

Dated: July 11, 2012
      New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge